Argued November 13, 1917, modified January 8, rehearing denied
March 19, 1918.

## STATE OF OREGON *v.* HYDE.

(169 Pac. 777.)

**Public Lands—Cancellation of Deeds—Parties.**

1. Where deeds to school lands within a forest reservation were
made, executed and delivered to the United States by the state's
grantee as a basis of lieu land selections, and were accepted by the
General Land Office and selections based on the relinquishment of the
lands were approved, a suit to cancel the state's deeds to the lands
could not be maintained in the absence of the United States as a
party.

**Public Lands—Cancellation of Deeds—Grounds.**

2. Where an application to purchase school lands was not made for
the benefit of the applicant and the accompanying affidavit was false
and within a week after the application was made the rights of the
applicant were assigned to one whose agents procured the application
to be made and to whom the deed was executed by the state, the deed
will be canceled.

From Lane: GEORGE F. SKIPWORTH, Judge.

In Banc.

This is a suit brought by the State of Oregon to can-
cel deeds executed by it to 1,440 acres of land in Lane
County which were formerly a part of the grant made
to the state for school purposes. The complaint on
which the case was tried is substantially identical with
that filed in a similar cause in the Circuit Court for
Crook County, which we have just decided.

The record fails to show any demurrer to the com-
plaint. The defendants Hyde and Anaconda Copper
Mining Company answered. Their answers were to
the same purport as their answers in the Crook County
suit. They affirmatively alleged that the United
States was an indispensable party defendant. Plain-
tiff took issue with the affirmative allegations in these
answers.

The defendants H. C. Morris Company, Mary P.
Morris, H. C. Burdick and Carrie M. Burdick dis-
claimed.

The decree adjudged the property in dispute to the state and the defendants Hyde and Anaconda Copper Mining Company appeal.                    MODIFIED.

For appellants there was a brief with oral arguments by *Mr. A. C. Shaw* and *Mr. E. E. Hershey.*

For respondent there was a brief with oral arguments by *Mr. George M. Brown,* Attorney General, and *Mr. John O. Bailey,* Assistant Attorney General.

McCAMANT, J.—1. The evidence shows that deeds to 1,280 acres of the land in dispute in this case were made, executed and delivered to the United States. The deeds ran in each case from the state's grantee. These deeds were accepted by the General Land Office and selections based on the relinquishment of these lands were approved. So much of the controversy as relates to these lands cannot be litigated in the absence of the United States as a party. The reasons on which this conclusion is based are elaborated in the opinion in the Crook County case handed down this day.

2. The General Land Office has never accepted deeds to the north half of the northwest quarter, southwest quarter of the northwest quarter, and lot 3, all in section 16, township 24 south, range 4 east of the Willamette Meridian. This property is covered by the application of George Wright. The evidence shows that this application was secured by one of the agents of Hyde and Schneider who testified as a witness in the criminal trial of Hyde and whose testimony has been received in this cause by stipulation. It satisfactorily appears that the application to purchase was not made for the benefit of the applicant, that the accompanying affidavit was false and that within a week after the application was made the rights of the appli-

cant were assigned to Hyde. For the reasons stated in the opinion in the Crook County case, the land so applied for should be restored to the state and the deed executed in favor of Hyde should be canceled. As to the remainder of the land involved in this suit, the complaint should be dismissed without prejudice. Plaintiff will have judgment for costs in both courts against the defendant Hyde. The other defendants will not recover costs.

MODIFIED.   REHEARING DENIED.

MR. JUSTICE HARRIS took no part in the consideration of this case.